UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JEFFREY ISSAC, JR., | ) Case No. |
| | ) |
| Plaintiff, | ) **COMPLAINT AND TRIAL BY JURY** |
| | ) **DEMAND** |
| vs. | ) |
| | ) |
| FOREIGN AUTO IMPORT, LLC | ) |
| AND CREDIT ACCEPTANCE | ) |
| CORPORATION, | ) |
| | ) |
| Defendants. | ) |

## NATURE OF ACTION

1. Plaintiff Jeffrey Issac, Jr. ("Plaintiff") brings this action against Defendants Foreign Auto Import, LLC and Credit Acceptance Corporation ("Defendants") under the Electronic Fund Transfer Act ("EFTA"), 15 U.S.C. § 1693 *et seq.* and the regulations promulgated by the Consumer Financial Protection Bureau.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1693m(g) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), as the acts and transactions giving rise to Plaintiff's action occurred in this district, Plaintiff resides in this district, and Defendants transact business in this district.

## PARTIES

4. Plaintiff is a natural person who at all relevant times resided in Newark, New Jersey (Essex County).

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1693a(6) and 12 C.F.R. § 1005.1(e).

6. Defendant Foreign Auto Import, LLC ("FAI") is a corporation that is, upon information and belief, duly licensed to conduct business within the state of New Jersey, and with a principal office located at 995 Clinton Ave., Irvington, NJ 07111.

7. Defendant Credit Acceptance Corporation ("CAC") is a corporation that is, upon information and belief, duly licensed to conduct business within the state of New Jersey, and with a principal office located at 25505 West Twelve Mile Road, Southfield, MI 48034.

## FACTUAL ALLEGATIONS

8. On August 15, 2015, Plaintiff purchased a 1999 Acura TL from Foreign Auto Import LLC ("FAI"), and entered into a retail installment sales contract ("the Contract").

9. A true and accurate copy of the Contract is attached hereto as Exhibit A.

10. Thereafter, FAI assigned the Contract to Credit Acceptance Corporation ("CAC").

11. During the negotiations for the purchase of the vehicle, FAI advised Plaintiff that he would have to enroll in an automatic payment plan for his loan to be approved.

12. Based on FAI's representations Plaintiff enrolled in an automatic payment plan ("the auto pay arrangement") that allowed FAI's assignee to transfer money from Plaintiff's Wells Fargo bank account to pay his monthly payments under the contract.

13. A true and accurate redacted copy of the auto pay agreement is attached hereto as Exhibit B.

14. Plaintiff's Wells Fargo bank account was established primarily for personal family or household purposes and thus is an "account" as defined by 15 U.S.C. § 1693a(2) and 12 C.F.R. § 1005.2(b)(1).

15. The funds transfers allowed by the auto pay arrangement are "electronic fund transfers" as defined by 15 U.S.C. § 1693a(7) and 12 C.F.R. § 1005.3(b).

16. The funds transfers allowed by the auto pay arrangement were to occur at a substantially regular intervals and thus are "preauthorized electronic funds transfers" as defined by 15 U.S.C. § 1693a(10).

## COUNT I
## VIOLATION OF 15 U.S.C. § 1693k
## DEFENDANT FAI

17. Plaintiff repeats and re-alleges each and every factual allegation above.

18. The EFTA provides: "No person may— (1) Condition the extension of credit to a consumer on such consumer's repayment by means of preauthorized electronic fund transfers." 15 U.S.C. § 1693k.

19. Regulation E as promulgated by the Consumer Financial Protection Bureau provides: "No financial institution or other person may condition an extension of credit to a consumer on the consumer's repayment by preauthorized electronic fund transfers. . . ." 12 C.F.R. § 1005.10(e).

20. FAI violated 15 U.S.C. § 1693k and 12 C.F.R. § 1005.10(e) by conditioning the extension of credit to Plaintiff upon Plaintiff's repayment by preauthorized electronic funds transfers.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant FAI violated 15 U.S.C. § 1693k and Regulation E;

b) Enjoining Defendant from further violations of 15 U.S.C. § 1693k and Regulation E;

c) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1693m(a)(2)(A);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1693m(a)(3); and

e) Awarding other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1693K
## DEFENDANT CAC

21. Plaintiff repeats and re-alleges each and every factual allegation above.

22. The EFTA provides: "No person may— (1) Condition the extension of credit to a consumer on such consumer's repayment by means of preauthorized electronic fund transfers." 15 U.S.C. § 1693k.

23. Regulation E as promulgated by the Consumer Financial Protection Bureau provides: "No financial institution or other person may condition an extension of credit

to a consumer on the consumer's repayment by preauthorized electronic fund transfers. . . ." 12 C.F.R. § 1005.10(e).

24. FAI violated 15 U.S.C. § 1693k and 12 C.F.R. § 1005.10(e) by conditioning the extension of credit to Plaintiff upon Plaintiff's repayment by preauthorized electronic funds transfers.

25. FAI's contract with Plaintiff includes the following provision:

NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. . .

26. CAC, as holder of FAI's contract with Plaintiff is liable for FAI's violation of 15 U.S.C. § 1693k and 12 C.F.R. § 1005.10(e).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant FAI violated 15 U.S.C. § 1693k and Regulation E;

b) Adjudging that Defendant CAC, as assignee of FAI's contract with Plaintiff, is liable for CAC's violation of 15 U.S.C. § 1693k and Regulation E

c) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1693m(a)(2)(A);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1693m(a)(3); and

e) Awarding other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

27.     Plaintiff is entitled to and hereby demands a trial by jury.

        Dated January 6, 2016.

        ATTORNEYS FOR PLAINTIFF
        *Jeffrey Issac, Jr.*

        Respectfully submitted,

        s/Justin Auslaender
        Justin Auslaender
        Thompson Consumer Law Group, PLLC
        5235 E. Southern Ave., D106-618
        Mesa, AZ 85206
        Telephone: (917) 793-9022
        Facsimile: (917) 793-9037
        jauslaender@consumerlawinfo.com

        *Please direct local correspondence to*:

        90-35 148th Street
        Jamaica, NY 11435